Mr. Hisey v. Quaktek, Mr. Rees Good morning, Your Honors. May it please the Court, my name is William Reiser and I represent the appellant, Michael Hisey. We're here today to ask the Court to reverse the decision of dismissal of the District Court and upon remand, transfer this case to the Eastern District of Pennsylvania. The District Court's decision to dismiss this case on the basis of forum nonconvenience must be reversed because it relied upon an improper application of the Supreme Court's decision in Atlantic Marine and an inaccurate interpretation of the party's forum selection clause in this case. And again, the Supreme Court referred it continuously as a residual forum and only to be applied in that small subset of cases where there is no applicable foreign, excuse me, District Court or Federal Court forum. This clause was silent as to which court. It just said that Pennsylvania was the jurisdiction, right? That's correct, Judge. But the key is the actual language of the clause. It says, in Pennsylvania. And as this Court stated in Global Communications, in every court to have decided this issue means when a clause says in a state, it's referring to geography, which could include both State Court and Federal Court. And I think the District Court realized that itself. It actually acknowledged that this clause could include both State Court in Pennsylvania and Federal Court in Pennsylvania. The issue is that the District Court got it wrong by concluding that Atlantic Marine requires a specific Federal District Court. That's not the Court's analysis. In fact, the Court, the District Court admitted that jurisdiction would be proper in any one of the three Federal Districts within Pennsylvania. But I think the important thing is if you drill down further on that, there's actually only one, and that's the Eastern District of Pennsylvania. The defendant's corporate headquarters is in Montgomery County, which is within the Eastern District of Pennsylvania. All the defendants reside in the Eastern District of Pennsylvania. Defendants admitted that. They put that on page 10 of their brief to dismiss, their motion to dismiss. So there really is only one district that's proper here, and that's the Eastern District of Pennsylvania. And that's where the Court got it wrong by thinking it had to select. It didn't, if it just, if it reviewed that. And in fact, we expressly acknowledged or admitted that jurisdiction would be proper in the Eastern District of Pennsylvania in our motion for reconsideration. Well, all of this goes by the wayside if you are right on your second point, which is that the District Court should have ensured that you would be able to refile without Qualtech asserting a statute of limitations defense as long as you instituted your action within a reasonable period of time, right? Because if the District Court got that wrong, then you're not prejudiced, and it essentially acts in the same way as a 1404 transfer. You just got to go file over there. I guess the only difference is the filing fee. But other than that, you get to go file in whatever court in Pennsylvania you wish to be, whether it's Federal District Court or State Superior Court. Sure, Judge. You can do that tomorrow. Well, Judge, the problem with that would be that . . . Could you not? We could, Judge. However, the statute of limitations does run. No. Is the statute run in Pennsylvania if you file tomorrow? Yes, Judge. The 90-day window under the Equal Employment Opportunity Commission's right to suit deadline is 90 days. We're well beyond 90 days. Well, you took that risk when you filed suit where you did. Sure, Judge. Ideally, the case should have been filed in Pennsylvania. Let me tell you how I read Atlantic Marine. I read Atlantic Marine to be that if the forum selection clause does not have a District Court designated, the filing court cannot transfer the case under 1404A to some District Court, say in Pennsylvania, pick one out. The forum nonconvenience applies. And the parties have already decided what is most convenient because they have forum selection clause. So there's a dismissal. Now, that's the risk that you took when you filed the lawsuit where you did. You could have filed it in Pennsylvania. The statute of limitations hadn't run. Well, Judge. Just a minute. So the problem arises that a litigant who files the lawsuit in a wrong forum because by contract he's obligated to file it somewhere else and who delays long enough and sits on an erroneous position until the statute of limitations has run, puts the District Court in a position it can't enforce the forum selection clause. That's where we are. Well, Judge, respectfully, I don't think that Atlantic Marine is that narrow. Let's suppose the law is that this case has to be dismissed under forum nonconvenience and your argument is, but Judge, if we do that, I can't file suit in Pennsylvania and I had a good lawsuit. So the argument has to be that you, in effect, cajoled the District Court, put the District Court in a box by carrying on while the statute is running. Well, Judge, in respect to that, the statute was virtually run as of the time they filed their motion to dismiss. There's only two weeks left, as they've mentioned in their brief. Well, you could, whenever it was, you could have filed suit in Pennsylvania. Well, Judge, just to respond to that, and again, this is the first time this has been brought up by the appellee, I hope I have a chance to discuss this, is that they suggested we could have filed in Pennsylvania. The problem with that is that then we'd have two separate actions resulting out of the exact same set of facts. In Pennsylvania, there is an affirmative defense called Liz Pendens, which would allow dismissal of this action simultaneously. We could have, under their theory, under your Honor's suggestion, we could have filed in state court in Pennsylvania. They could have filed preliminary objections, a motion to dismiss under Liz Pendens. Would Pennsylvania consider the statute told while this litigation is going on? That's a matter of state law. No, Judge, and I think the Third Circuit is clear about that as well, that a dismissal without prejudice does not toll the statute of limitations, and that's what we have here. So, in essence, the case is over, Judge. The better, one of the possible answers to the situation that Judge Choflat mentioned, and the situation that you may have put the district court in, is that if the district court correctly applied forum nonconvenience analysis, in a traditional forum nonconvenience analysis, one of the things you consider is whether or not there's an available alternative forum, and you usually give the plaintiff the opportunity to file somewhere else, and you tell the defendant, are you going to agree to allow the plaintiff to file within, let's say, 60 days in the alternative forum without asserting a statute of limitations defense? That is done run of the mill in forum nonconvenience cases, and I would think your best argument is that that wasn't done here, even on reconsideration, and that didn't put the district court in any sort of bind. The dismissal order would still have been in place. It would have just had the additional language to allow you to refile in Pennsylvania. I think that's a very good point, Judge, and in fact, this court has stated subsequently to Atlantic Marine that that's required, that that analysis, Atlantic Marine didn't disturb the district court's obligation to determine whether or not an adequate forum still exists, whether or not the plaintiff can reinstate his suit, and in fact, an example in A.S. Dan Bunkering versus M.V. Centris, the district court said that, in fact, the district court can require a defendant to waive a statute of limitations defense to avoid prejudice to the plaintiff. You didn't plead in the alternative. You didn't ask the district court prior to judgment to dismiss the case so you can file in Pennsylvania or send it up there somehow or another. Well, Judge, that's an obligation of the district court. That's part of the analysis itself. That's what the judge... I don't see why the district court... You could file a lawsuit that you're not supposed to be filing where you did it and you could stand on your heels and say, I'm insisting that I'm right, which is what you've done, and I'm going to the court of appeals on that position, not on a position that the court should have done something else. The court should have entertained the case. That's a risk you take. How do we write an opinion that gets around the problem that you put the district court in a box by filing the suit in the wrong place and then delaying long enough so that the statute runs where you could have filed it? How do we... We've got to write an opinion that commands the respect of the law, as it were. Well, Judge, again, I respectfully... The court in Atlantic Marine dealt with the same situation. They could have said, if you file in the wrong district, you're out of luck. They didn't do that. They talked about transfer, and that's what the court didn't do in this case. And also, again, back to the forum non-convenience analysis, the court still had to go through the three-part analysis of forum non-convenience. But under forum selection clause, if the clause was appropriately entered into, the parties have already decided what's convenient. Correct, Judge. And that's why, again, forum non-convenience analysis quickly is just, you analyze the public and private factors. Well, forum non-convenience means you've got to go elsewhere. It's a dismissal. Under Atlantic Marine, it's a dismissal. Right, Judge. And that's why we're prejudiced here, because the statute of limitations has run. If we filed tomorrow, even if we filed back when the court entered the order in the first instance... When you filed the case here, you could have been in Pennsylvania. Absolutely, Judge. But again, Atlantic Marine deals with these kinds of situations where people file in the wrong place. If the court wanted a harsh remedy of immediate dismissal, they could have said that. But you picked the court. It's your risk. You picked the court. Sure, Judge. But again, the Supreme Court could have done that, but they shouldn't have done that. Help us write an opinion then. Tell us how we make an exception in this case so that everybody else who reads the opinion and files a suit in the wrong court can keep the delay going through the litigation while the statute runs elsewhere. Open that answer, sir. I call that an abuse of the process, of the judicial process. That used to be a tort. Well, Judge, respectfully, again, we had the same situation in Atlantic Marine. Foreign Selection Clause, they filed in the wrong court. The Supreme Court could have said, you're out of luck. We're sorry. You filed in the wrong court, as your Honor is suggesting. But that's not what they did. Here, they said, if there is a transfer of court within the federal system, you transfer under 1404. And that's what we have here. There is an appropriate district, the Eastern District of Pennsylvania, that falls within the ambit of the Foreign Selection Clause. It's easy to transfer. And secondly, if your Honor... Did you ask for a transfer before judgment was entered? We asked for a transfer in the motion for reconsideration. In the 59E motion, you raised an issue that had not been raised before the district court. The district court had jurisdiction, had discretion, to say it's too late. You changed the lawsuit in Rule 59E, and I'm not going to pay attention to it. Well, Judge, quickly... We say the district judge abused its discretion by not entertaining the 59E, which raised an entirely new proposition. Well, Judge... If we write that opinion, then we expand the jurisdiction of 59E, don't we? Well, Judge, I think the district court's error occurred earlier than that, in its first order. In essence, Atlantic Marine... Why didn't the district court drop the ball? The district court should have transferred the case in the first instance, and it knew... On his own initiative? When you're standing there saying this is where the case should be litigated? Well, respectfully, Judge, that's what Atlantic Marine suggests. Then what you're saying is the district judge should have said, there's an incompetent lawyer over here, and I'm going to apply ineffective assistance to counsel doctrine out of the criminal law and help him out and transfer the case. Well, Judge, in Atlantic Marine... How do we write that opinion? Well, Judge, I think the district court understood it had an obligation to review that in the first instance. As you mentioned, neither party talked about transfer. But what does the court do? The first thing they talk about, Atlantic Marine, can I transfer it? Is there a federal forum? That's where the judge got it wrong. But the judge knew it had an obligation to do that. Well, I think Atlantic Marine says you dismiss the case. Atlantic Marine says you can transfer the case if the forum selection clause has a designated court in the other forum, federal court, which is what the case was in Atlantic Marine. Well, Judge, I don't think Atlantic Marine is that narrow. Well, but you agree that in Atlantic Marine, there was another federal court case, a federal district court mentioned in the forum selection clause. Sure, Judge. But again, if you go back to Global Satellite from this district, from this circuit, again, in that case, it's in Broward County. And this court interpreted it as being both in the state... Well, which district in Pennsylvania should the court have picked out? Eastern District, Judge, because that's the only venue that's proper under 1391. That's where all the defendants reside. Not under your contract, not under your provisions. It just says in Pennsylvania, and I understand there's three districts in Pennsylvania. Well, that's correct, Judge, but Western District wouldn't be proper. No one resides there. Middle District is not proper. It's proper under your provision. Sure, Judge, but I think that's the interplay between 1391 and 1404. The judge had an obligation to look at both of those and decide Eastern District is the correct forum here. That's where everyone resides. That's where the witnesses are. This is where this case should be transferred. Because it could. Because Eastern District is within the federal system and that's what Atlantic Marine requires. What do we do about a California case? In what regard, Judge? You file a suit in New Mexico or some place and the case belongs in California under the same clause without a designation of the court. Do we file it in Eureka? Do we go to San Francisco or Sacramento? Where do we go? Do we go to L.A.? Do we go to San Diego? Wait just a minute. The district court is doing this on its own initiative. So which of those does it pick out? How do we tell the court how to pick it out? It would depend on the facts of that case, Judge. It would depend on what's proper under 1391, where the defendant resides. But he's already got a litigant before him that has said that that is the wrong place, Judge. I don't want you to sit in this case there. I'm in the place where it belongs. Now, you want the judge in effect to disregard your argument and pick a place that you're arguing is the wrong place. Well, Judge, the district court essentially did that in the first instance anyway. It knew it had to do that and that's why it went to New Mexico. We're going to have some fun writing an opinion for the district judges to figure out what in the world do we do. But you've saved some rebuttal time. Thank you. Thank you, Judge. Mr. Darny. Don't take any comfort from the questioning of your colleague. Many a time, it backfires. Well, thank you, Your Honor. May it please the Court, Colin Daugherty on behalf of the defendants. Notwithstanding, Your Honor's warning, the description you have talked to Mr. Reiser about is exactly the position we have in that the appellant is asking this court to instruct district courts throughout the 11th Circuit to ignore everything the plaintiff said, everything the plaintiff did, and protect the plaintiff in the district court from his own actions, legal strategies, and decisions after he loses, after he plays out, as Your Honor stated, plays out the string of his litigation position and runs out the clock on a statute of limitations. And I can't say today whether that was intentional, as Your Honor was asking about in an effort to limit what the district judge could do, or was just bad legal advice in front of the district court. Play out that string and then save him from himself and save him from the errors once he decides now, uh-oh, I may have lost my case. And that's even been his position in his briefs is, I may have lost my case. And I think that is an important distinction because while we would certainly take the position that the statute of limitations has run on the two federal claims he brought in Florida, that it had not run when we filed our motion to dismiss, there was more than two weeks left. And in statute of limitations litigation, two weeks is an eternity. I mean, the case law is all about the people who filed the morning after the statute runs. And yet, as Your Honor pointed out, plaintiffs chose not only to violate the agreed upon clause and file in Florida, but once it was brought again to his attention with a motion to dismiss, chose not to then withdraw and file with time left in Pennsylvania. Pennsylvania also happens to be, at least I believe, a fairly unique jurisdiction when it comes to statute of limitations because as we described in our brief, has a procedural vehicle called a writ of summons. One of the primary purposes of a writ of summons is to initiate a lawsuit without a complaint in an effort to toll the statute. Pennsylvania also has equitable tolling where a party who has surpassed the statute of limitations on its face can argue for equitable tolling and show that they did not delay, they had a viable lawsuit in Florida. Of course, those arguments would have been much stronger a year ago when the case was originally dismissed as opposed to now 630 plus days later when plaintiff, at least as of yesterday, I believe Mr. Reiser confirmed, has yet to initiate any type of lawsuit in Pennsylvania. Can I ask you a question about your motion to dismiss? Certainly. In traditional forum nonconvenience law, one of the things that a defendant has to show is that there is an adequate and available alternative form, right? Yes, Your Honor. Okay. In this case, as you just told us, at the time you filed your motion to dismiss, you think there were about two weeks left on the federal clock? I believe 18 days, yes, Your Honor. Okay, so give or take about two to three weeks, somewhere in there. Did you tell the district court that you were willing to waive a statute of limitations defense if the lawsuit were refiled in Pennsylvania as you desired within a reasonable amount of time in your moving papers? We did not, and Your Honor, at the time, the statute of limitations was not an issue. If plaintiff then . . . But the motion has got to get resolved. The motion has got to get resolved and the motion is not going to get resolved before the statute of limitations runs. And so my question is, did you, and it may not make a difference, but I want to know, did you ever tell the district court that you were willing to waive a statute of limitations defense if the lawsuit were refiled within a reasonable period of time, 30, 60 days, after dismissal on forum non-convenience grounds? We did not, Your Honor. Why not? Again, because the statute of limitations had not run and . . . Well, once it ran, did you tell the district court that you were willing to waive? We did not. We were never asked and plaintiff . . . Well, isn't that part of your burden? We did identify the forum selection clause and identify Pennsylvania and its 63 possibilities, 60 state courts or the three federal courts, as the proper forum. But we're not talking about geography. We're talking about time. We did not ever offer that. Plaintiff also never asked for it in his . . . No, I know. They've got problems of their own. I'm asking you about one of your potential ones. No, Your Honor. We never . . . Again, we were never asked when we initially filed our papers. The statute of limitations was not an issue. We also . . . If you look at footnote 8 of Atlantic Marine, it talks about, as Your Honor pointed out, that a litigant, while being prejudiced by risking the statute of limitations by ignoring a proper forum selection clause, that prejudice is not undue and it's a risk that they take. In fact, the plaintiff, in his responding papers, both asked for an enlargement of time. It was procedurally improper the first time he filed. Then he corrected it. In both of those filings, he indicated that no party would be prejudiced. At no time, until he filed his motion for reconsideration, did he ever step back from the position that Pennsylvania was an inadequate forum. In fact, did he ever step back from the position that the contract itself was improper? He stridently stuck to the position that this case was a Florida case that had to be litigated under Florida law and in Florida and that anything else was unacceptable. Again, our position . . . Before you get into the again, can I just clarify, not only did you not tell the district judge you would waive a statute of limitations, to this day, you affirmatively will not waive the statute of limitations. Is that right? That's correct, Your Honor. All right. If you'd been called upon by anyone to say, will you waive it? Your client's response would have been no. That's correct, Your Honor. Okay. Would the district court have been within its discretion, maybe even corresponded to require you to waive? Under the law of the 11th Circuit, those orders have been issued and they have been upheld. Yes, I believe it would be. It's also in its discretion not to ask, given the conduct of the plaintiff in this case. To Your Honor's point, I think . . . I think that . . . I'll speak for myself. If there's a burden on the defendant to say, I waive, then the defendant is giving . . . Let's suppose you have a case where there is no merit in the plaintiff's case, zero merit. And so the law now requires you to say, with a zero merit case, I'm going to waive the statute of limitations and encourage the plaintiff to go and sue me in Pennsylvania, where the transaction costs, depending on what kind of a lawsuit it is, could be a class action, may vary my client. Now, that's . . . I don't know how to write an opinion that would say that a defendant has an obligation to waive . . . I'm throwing you . . . I agree with your position. I'm just . . . Your colleague has got some rebuttal time. And Your Honor, I appreciate that. But if you've got to waive, then you waive a defense to a meritless case. And we agree. And that is exactly why we believe this case is meritless. And that's exactly why we would not, especially now, again, more than a year later, waive a statute of limitations defense. Now, that doesn't mean that the plaintiff can't refile tomorrow and seek . . . file, perhaps, state claims, like breach of contract, that would not be expired as of yet. Or federal claims and seek equitable tolling from the court in Pennsylvania. We would obviously oppose that, particularly given the amount of time that has passed. But that's plaintiff's . . . plaintiff still has that opportunity and has had that opportunity for well over a year and not availed himself of that opportunity to allow a court to weigh in on that. And additionally, with Plaintiff's second argument, again, he is seeking the court to not take its . . . I'd say it goes further than take its own initiative, as Your Honor's pointing out, but undergo an affirmative . . . undertake an affirmative obligation now to review this say, okay, where is the best place? Let me examine what possible affirmative defenses the defendant could have. Both, I would argue, have to . . . that announcement would have to be done under both Florida law and Pennsylvania law and confirm that the plaintiff, notwithstanding that he's represented by counsel, has not waived any or all of those affirmative defenses. That is an unprecedented obligation that would be placed on a district judge and his or her staff that the plaintiff is arguing for. Again, it's the second or the second side of the coin where the plaintiff is saying, you know, I can take this position. I can tell the court, do not transfer. The contract is not binding. I can tell the court there's no prejudice. I can dig my heels in, as Your Honor said. And once I lose, I can say, oh, no, I was wrong. The contract was binding. Like Mr. Reiser said early in his argument, the case should have been filed in Pennsylvania. But plaintiff chose not to do that and he chose to fight our efforts and say that it should not be transferred. It should not be filed. It should not be even considered under Pennsylvania law and that the contract was invalid. And lost. And then once he lost, he did a 180-degree turn and is looking for this court to bail him out and correct, save him from himself. – Would counsel have been in any violation of law or ethics to have this case pending both in federal court in the 11th Circuit and then file it in a district court in Pennsylvania? – I believe there would be potentially some arguments, like first file doctrine and things like that. I am admittedly not an ethicist and would not know if there was an ethical. I can't think of an ethical violation he would have. – But he could say, I'm just in trouble. I don't know which way to go. And I want to protect the statute of limitations problem. I avoid it. – Correct. Particularly if he filed a writ. The purpose of a writ in Pennsylvania is to preserve the statute of limitations. That he could have filed a writ and done that as we outlined in our brief. But counsel chose not to do that. Counsel intentionally chose not to do that. It is certainly our belief, given the filing that they put before the district court in response to our motion to dismiss, that Florida is the only acceptable jurisdiction and Florida law is the law that must be considered. If you have no further questions, Your Honor. – I think we understand your position. – Thank you. – Mr. Rees. – Thank you, Judge. Just quickly, I don't want to get too much into depth about Pennsylvania's civil procedure, but their suggestion about this writ of summons is really no suggestion at all. First of all, the statute of limitations is already run. Number two, they could immediately file a request for a complaint to be filed. That's in the civil rules of procedure there in Pennsylvania. And then they could immediately file a motion to dismiss under Liz Pendens, and we'd be right back here where we are today. So that's really no suggestion whatsoever. And coming back to the forum nonconvenience argument, as Judge Jordan was talking about, again, this court has held repeatedly that it is an obligation on the district court to determine whether or not there's an adequate alternative forum or the plaintiff can reinstate his suit. The district court didn't do that here. – But you know, and I think you have some valid points, but on the other hand, courts take cases as parties and certainly represented parties present them and try them. And if you're fighting the clause from day one and you've never given the district court an argument for doing something other than your main position, how can you fault the district court for not doing something on its own? – Yeah, well, Judge, first, admittedly, I was not involved back then. – I don't mean you personally. I mean your client and his or her representatives. – Sure, Judge. I think the issue is that, again, it comes back to the affirmative obligation. Regardless of what other party says, it's an obligation on behalf of district court. So the district judge has to run through an entire forum, non-convenience analysis and address a factor that you don't put before it or argue or anything like that. It's got to do its own balancing. It's got to do its own analysis. It's got to do its own research, everything else. – Well, Judge, I think we did raise that issue back on our motion for reconsideration. And the court could have said... – No, you didn't ask the court. You didn't, as far as I remember, you didn't ask the court to make Qualtech waive its statute of limitations defense, did you? – Well, Judge, we... – You just asked for the dismissal to be without prejudice. – Well, Judge, we asked that the forum non-convenience dismissal be vacated because they... because... and we addressed that issue of prejudice regarding the statute of limitations. – But did you ask... – That was squarely... – But you could have asked the district court, even on reconsideration, you could have said, okay, if you're going to stick to your ruling, at least make them waive the statute of limitations so we can go to Pennsylvania and refile. But you didn't do that. Your client didn't do that. – Well, Judge, I don't think that was specifically requested in the brief. However, the fact that we raised the statute of limitations defense and the fact that equitable tolling would not be applicable, I think that's when the court should have said, hold on, wait a minute here. This is something I have to take a look at. The plaintiff will be prejudiced. His case is essentially over. This case is primarily an employment discrimination case under Title VII, under the ADA. So the suggestion that there might be state claims is not really relevant because this is primarily an employment discrimination case. If the statute of limitations has run, which it has, his claim is essentially over. He may have some, you know, subsidiary claims, but in essence, he's out of luck. The courthouse doors are closed to him, all because the court didn't require that the defendant waive the statute of limitations. – I know, but you didn't ask him to do that either. – Well, Judge, we raised the prejudice issue in regard to the statute of limitations. And just to quickly, briefly circle back to... – You'll have to make it very brief because you're way over your... – Sure. – Go ahead. – Two sentences. Back to Atlantic Marine, I do think that, again, it's essentially a step zero for the district court. If there's a federal form, it has to transfer. It doesn't even get to the form non-convenience analysis unless it's a state court form or a foreign form. Thank you, Judge. – Thank you, gentlemen. We'll move to the next case, Fort Lauderdale.